<u>Via Fax No. (212) 805-6382</u>    2707 Creston Ave., #2F
                                    Bronx, New York 10468
                                    March 15, 2009

Hon. Victor Marrero
United States District Judge
500 Pearl Street, Suite 660
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-16-09

    Re:  09 Civ. 00650 (VM); Glatzer v. Hon. Barone, et al.

Dear Judge Marrero:

    Pursuant to Your Honor's endorsed letters dated March 9, 2009 and Feb. 25, 2009, the rescheduled pre-motion conference on March 20, 2009 will include: 1.defendants' proposed motion to vacate the Clerk's Certificate of Default issued on Feb. 20, 2009 under Fed.R.Civ.Proc. 55(c); 2.plaintiff's proposed motion for a default judgment under Fed.R.-Civ.Proc. 55(b)(2); and 3.defendants' proposed motion to dismiss based, among other things, upon <u>Younger</u> abstention.

    Plaintiff Bernard H. Glatzer ("Glatzer"), Pro Se, respectfully requests that the rescheduled pre-motion conference also include: 4.plaintiff's proposed motion for a preliminary injunction under Fed.R.-Civ.Proc. 65 to effectively stay defendant Justices Barone's and Schachner's orders including any appeals thereof, as previously requested in the complaint's third prayer for relief (at 36).

    The inclusion of this fourth proposed motion is necessary because the Sect. 1983 action remaining underlying defendants on March 11, 2009 served cross-motions (to Orange County's motion referenced in Glatzer's March 9, 2009 letter to the court) to dismiss the state appeal, despite the first department Justice Lippman's default in this action. It is also necessary because the Bear, Stearns action underlying defendants on March 12, 2009 served a motion to dismiss the state appeal (with a different week later return date despite the two appeals' together calendaring), despite the first department Justice Lippman's default in this action. The underlying defendants' motions to dismiss were engendered by Glatzer's faxing to them on Feb. 24, 2009 the Clerk's Certificate of Default in this action.

    The underlying defendants are attempting to circumvent this superior federal court's rulings on the foregoing three proposed motions (and on the complaint's requests for permanent injunctive relief), by seeking to precipitously rush through state appeal dismissals <u>before</u> this federal court first deals with the same matters on March 20, 2009. This is doubly egregious since defendant Justice Lippman is in default in this action - including on the complaint's third prayer for relief (as noted above) - pursuant to the Clerk's Certificate of Default issued on Feb. 20, 2009, until and unless this court rules otherwise.

    By seeking to create a state court fait accompli before this superior federal court first deals with the same matters, the underlying defendants reiterate the defendant state justices' arrogant disregard of this federal action which equally caused their default, as well as the underlying defendants' refusals to move to intervene in this action under Fed.R.Civ.Proc. 24(b) as specifically invited by Glatzer in the complaint with which they were served on Feb. 4, 2009 (paragraph 101).

-1-

Since defendant Justice Lippman is in default in this action until and unless this court rules otherwise, he has no right to dispute the issue of his liability - e.g., the effect of a Clerk's Certificate of Default, if not set aside, is to establish the liability of the defaulting party as a basis for a default judgment. <u>Dow Chem. Pac. v. Rascator Mar. S.A.</u>, 782 F.2d 329, 336 (2nd Cir. 1986). Pursuant thereto the first department has no authority under the Supremacy Clause to grant the underlying defendants' motions to dismiss the state appeals.

Unless this court issues a preliminary injunction under Fed.R.Civ.Proc. 65, the first department, contrarily, will grant the underlying defendants' motions to dismiss the state appeals for the reasons stated in paragraphs 103-110 of the complaint. The complaint's paragraph 4 thus included Hon. Jonathan Lippman as a defendant "in the event that Glatzer needs interim relief to effectuate Justice Barone's and Justice Schachner's compliance with this action's federal order."

The unlawful state appeal dismissals will enable both the three defendant state justices and the underlying defendants to render this court's rulings a nullity, and will continue their coverup of the underlying defendants' Enron-related likely felonies described in the complaint (paragraphs 25-36, 63-66, 91-92, 98).

The first department's unlawful state appeal dismissals, moreover, are mutually exclusive with the defendant justices' (including Justice Lippman) proposed motion to dismiss based upon <u>Younger</u> abstention (upon which Your Honor ordered argument on March 9, 2009), since there no longer will be a pending state court action in favor of which this federal court can abstain for a determination on the merits.

If the defendant justices withdraw their proposed motion to dismiss based upon <u>Younger</u> abstention because of the underlying defendants' serving of motions to dismiss the state appeals, it can only mean that their attorneys are improperly collaborating against Glatzer.

Unless the defendant state justices are restrained by this court under Fed.R.Civ.Proc. 65, Glatzer will suffer immediate and irreparable harm in that their violations of Glatzer's constitutional rights to substantive and parental due process will remain permanently unredressed.

Respectfully submitted,

Bernard H. Glatzer
Plaintiff, Pro Se
(718) 584-3998 (Tel. & Fax)

cc: Anthony J. Tomari
    Fax No. (212) 416-6075

-2-

> Plaintiff's request for issuance of a judgment by default in this matter is DENIED. The remaining matters may be addressed at the conference with the Court now scheduled for 3-20-09 at 4:00p.m.
>
> SO ORDERED:
> 3-16-09
> DATE          VICTOR MARRERO, U.S.D.J.