Via Fax No. (212) 805-6382

2707 Creston Ave., #2F
Bronx, New York
March 26, 2009

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/09

Hon. Victor Marrero
United States District Judge
500 Pearl Street, Suite 660
New York, New York 10007

    Re: 09 Civ. 00650 (VM); Glatzer v. Hon. Barone, et al.

Dear Judge Marrero:

  Procedural due process requires notice, opportunity to respond, and written explanation by the court. Natale v. Town of Ridgefield, 170 F.3d 252, 262 (2nd Cir. 1999). Plaintiff Bernard H. Glatzer ("Glatzer"), Pro Se, respectfully raises the following procedural due process issues before this district court regarding its March 20, 2009 pre-motion conference, because if he does not he cannot raise these issues for the first time on appeal before the Second Circuit.

  1. Defendants' March 13, 2009 Letter to the Court: The court began the conference by announcing it was pursuant to multiple matters of defendants' motion to dismiss within their March 13, 2009 letter to the court. Glatzer promptly informed the court that he had not received defendants' March 13, 2009 letter either by mail or by fax. Defendants' attorney ("Tomari") stated that he had faxed his March 13, 2009 letter to Glatzer, which defies credulity since if he had Tomari easily could have provided to the court a copy of the letter's fax transmission receipt by Glatzer (which he still can do). After the pre-motion conference the court's law clerk also informed Glatzer that he could not provide to Glatzer a copy of defendants' March 13, 2009 letter to the court.

  The court on any motion to dismiss must accept plaintiff's factual statements and allegations as true, drawing all reasonable inferences in plaintiff's favor. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In this instance the court must accept as true Glatzer's statements that he did not receive by fax or by mail a copy of defendants' March 13, 2009 letter to the court, that he had no prior notice of the letter, and that he could not respond to the letter's unknown contents.

  Glatzer respectfully requests that the court's order, therefore, provide a written explanation as required by procedural due process, of why defendants' ex parte March 13, 2009 letter to the court - its stated basis of defendants' motion to dismiss - satisfied the requirements of procedural due process.

  2. Defendants' Motion to Vacate the Clerk's Certificate of Default Issued on Feb. 20, 2009: Although defendants' first Feb. 23, 2009 letter to the court requested that it vacate the Clerk's Certificate of Default, their motion to vacate was not heard or even presented at the court's March 20, 2009 pre-motion conference. Pursuant thereto good cause under Fed.R.Civ.Proc. 55(c) necessarily was not determined by the court under the Second Circuit's required three-prong test. Powerserve Int'l. Inc. v. Lavi, 239 F.3d 508, 514 (2nd Cir. 2001).

Glatzer respectfully requests that the court's order, therefore, provide a written explanation as required by procedural due process, of why defendants' motion to vacate the Clerk's Certificate of Default was not required to be presented to and heard by the court, and of why good cause under Rule 55(c) and the Second Circuit's three-prong test was not required to be determined by the court.

3. Defendants' Granted Motion to Dismiss Based Upon Younger Abstention: At its March 20, 2009 pre-motion conference the court granted this motion despite defendants' lack of standing to present the motion. Dow Chem. Pac. v. Rascator Mar. S.A., 782 F.2d 329, 336 (2nd Cir. 1986):

> "In sum, Rascator has shown no basis for reversal of either the December 1982 entry of default or the December 1983 refusal to set that default aside. In principle, therefore, after December 1982 Rascator had no standing to participate in the further adjudication of issues as to its liability to plaintiffs."

Defendants, likewise, have shown no basis for reversal of the Clerk's Certificate of Default issued on Feb. 20, 2009, unusually because their motion to vacate their default was not presented to or heard by the court. Until and unless the court vacates the Clerk's Certificate of Default pursuant to its determination of good cause under Rule 55(c) and the Second Circuit's required three-prong test, defendants under Rascator have no standing to present their motion to dismiss.

Defendants' lack of standing under Rascator is exacerbated by their ex parte March 13, 2009 letter to the court - the court's stated basis of their motion to dismiss on March 20, 2009. Since their ex parte letter violates procedural due process, the only record properly before this court on Younger abstention is the complaint's paragraphs 87-110 (at 27-35) whose factual statements and allegations this court must accept as true (Conley v. Gibson), as noted above.

Defendants, moreover, never stated to the court at its pre-motion conference that there is a remedy in the first department for their violations of Glatzer's substantive and parental due process rights as alleged in the complaint, which is required under Younger's third prong -(and to deny the complaint's paragraphs 103-110 (at 33-35)). Defendants, indeed, never even stated to the court at its pre-motion conference that there is a pending state court action, which is required under Younger's first prong.

4. Glatzer's Motion for a Preliminary Injunction Under Fed.R.Civ.-Proc. 65: Although the court's March 16, 2009 endorsed letter stated that this matter may be addressed at the conference, it also was not heard. Since defendants are in default on the complaint's third prayer for relief requesting a preliminary injunction (at 36), this motion is not moot.

Until and unless the court vacates the Clerk's Certificate of Default pursuant to its determination of good cause under Rule 55(c) and the Second Circuit's required three-prong test, defendants under Rascator have no standing to oppose Glatzer's motion for a preliminary injunction despite the court's refusal to hear this motion.

The court's refusal to allow an appropriate briefing schedule on the foregoing interrelated motions, as requested by Glatzer, is consistent with the court's singling out defendants' motion to dismiss - presented without standing and based upon a letter whose contents are unknown to Glatzer - for its grant, while concommitantly not hearing the other interrelated motions.

Respectfully submitted,

Bernard H. Glatzer
Plaintiff, Pro Se
(718) 584-3998 (Tel. & Fax)

cc: Anthony J. Tomari
    Fax No. (212) 416-6075

> The Court stated at the 3-20-09 conference that it would not consider defendants' 3-13-09 letter in view of plaintiff's denial of its receipt. In its memo-endorsed Order dated 3-15-09 the Court specifically denied plaintiff's request for entry of a default judgment, which presumes that the certificate of default was vacated. The Court indicated that all other matters would be heard at the 3-20-09 proceeding.
>
> SO ORDERED:
> DATE 4-10-09   VICTOR MARRERO, U.S.D.J.

-3-