

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

(212) 416-8553

ANDREW M. CUOMO
Attorney General

Division of State Counsel
Litigation Bureau

March 13, 2009

**By Facsimile Transmission**

Hon. Victor Marrero
US District Judge
Suite 660
United States Courthouse
500 Pearl Street
New York, New York 10007
(212) 805 - 6382

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-7-09
```

RE: Bernard H. Glatzer v. Hon. John A. Barone et. al., Civil Action No. 09-CV-0650 (VM)

Dear Judge Marrero:

This office represents defendants the Honorables John A. Barone; Larry S. Schachner; and Jonathan Lippman (hereinafter collectively "State Defendants") in the above-referenced litigation. I am submitting this supplemental pre-motion letter in response to plaintiff's letter of March 9, 2009.

The Rooker-Feldman doctrine precludes cases, as here, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments". Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). See also Lance v. Dennis, 126 S. Ct. 1198, 1201 (2006); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)(Second Circuit analysis of the application of the doctrine, after the Supreme Court's decision in Exxon Mobil, holding that where a federal plaintiff lost in state court, complains of injury from that loss and now invites the federal court to review and reject the state court's judgments, such a claim is still precluded under Rooker-Feldman).

Even were the Court to find that it has subject matter jurisdiction, the Younger abstention doctrine, as well as general principles of comity, equity and federalism, mandates dismissal of this case. The Younger abstention doctrine directs federal courts to abstain from

Hon. Victor Marrero
RE: Glatzer v. Hon. Barone, et al.
March 13, 2009
Page 2

exercising jurisdiction when federal claims were or could have been presented in ongoing state proceedings which are important to state interests. Younger v. Harris, 401 U.S. 37 (1971). See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); O'Shea v. Littleton, 414 U.S. 488, 499 (1974); Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). The understanding that the state courts constitute a competent, parallel adjudicatory system underlies the Younger abstention doctrine and counsels restraint against federal interference in state court proceedings.

Furthermore, the Domestic Relations Exception to federal jurisdiction requires dismissal of this action. As stated by the Supreme Court in Elk Grove Unified Sch. Dist. v. Newdow, 452 U.S.1, 124 S.Ct. 2301, 2309 (2004) "One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations." (citations omitted); see also, Chase v. Family Court Judge Paul Czajka, 2005 WL 1123397 at *6 (S.D.N.Y.). The complaint herein arises from some sort of matrimonial action which was already litigated in the New York State Court system. See Complaint ¶¶ 63, 64, 67, 76, 77. As such it should be dismissed.

Moreover, plaintiff has had the opportunity to assert his constitutional claims to the Appellate Division, the New York State Court of Appeals and could even have petitioned for a writ of certiorari to the United States Supreme Court. See Matter of Anonymous, 78 N.Y.2d 227, 230 (1991). Apparently, he has already brought some sort of proceeding before the Appellate Division, First Department. See Plaintiff's correspondence of March 9, 2009; ¶4.

It is clear that there are no plausible claims against the State Defendants. As such, a motion to dismiss must be granted, and the State Defendants would welcome full briefing on these issues.

Thank you for your attention to this matter. Plaintiff is receiving a copy of this letter simultaneously by Facsimile Transmission.

Very truly yours,

Anthony J. Tomari (AT - 0186)
Assistant Attorney General

cc: Bernard H. Glatzer
<u>Plaintiff Pro Se</u>
2707 Creston Avenue; Apt. 2F
Bronx, New York 10468
(718) 584 - 3998

```
SO ORDERED: The Clerk of Court is
directed to file this letter in the
public record of this action.

4-7-09        _____
DATE          VICTOR MARRERO, U.S.D.J.
```