<u>Via Fax No. (212) 805-6382</u>      2707 Creston Ave., #2F
                                       Bronx, New York 10468
                                       May 13, 2009

Hon. Victor Marrero
United States District Judge
500 Pearl Street, Suite 660
New York, New York 10007

   Re: 09 Civ. 00650 (VM); Glatzer v. Hon. Barone, et al.

Dear Judge Marrero:

  Plaintiff Bernard H. Glatzer ("Glatzer"), Pro Se, respectfully requests a pre-motion conference for permission to file a motion for relief from this court's May 1, 2009 entered long order (and derivatively from its March 30, 2009 entered short order), alternatively under Loc.Civ.R. 6.3 (matters overlooked) or Fed.R.Civ.Proc. 60(b)(2) (new evidence), 60(b)(3) (misrepresentation by an opposing party), 60(b)(5) (applying it prospectively is no longer equitable), and 60(b)(6) (any other reason).

  The basis of the proposed motion is the following chronology of events of which this court was largely unaware, because it previously refused to allow the filing of any motions in violation of both procedural due process and Fed.R.Civ.Proc. 7(b)(1).

  <u>March 20, 2009</u>: Glatzer filed a motion under CPLR Sect. 5519(c) to stay the state court appeals and to oppose defendants-respondents' motions to dismiss in the Appellate Division First Department, pursuant to defendant Hon. Jonathan Lippman's on behalf of the first department (collectively "Justice Lippman") prior request that this court abstain in favor of the first department, <u>specifically</u> for a determination on the merits of this action's complaint's alleged constitutional violations (which this court granted later that day at its pre-motion conference).

  <u>March 30, 2009</u>: This court entered its short order granting Justice Lippman's request that it abstain in favor of the first department.

  <u>April 2, 2009</u>: Glatzer filed his reply in further support of his motion to stay in the first department, which attached a copy of this court's March 30, 2009 short order and informed the first department that its grant of defendants-respondents' motions to dismiss <u>without</u> determining the alleged constitutional violations was mutually exclusive with this court's grant of abstention at Justice Lippman's request (Reply, at 3 (attached)).

  <u>April 30, 2009</u>: The first department issued its order granting the motions to dismiss and denying the motion to stay <u>without</u> determining on the merits the alleged constitutional violations (attached). By referencing this federal action, the order made crystal clear its refusal to determine the alleged constitutional violations in accordance with this court's prior grant of abstention. The order rejected this court's March 30, 2009 short order giving the first department under <u>Younger</u>'s second prong "the first opportunity ... to correct their own mistakes" (Long

order, at 17). The order did an about face from its own Justice Lippman's prior request that this court abstain in favor of the first department, specifically for a determination on the merits of this action's alleged constitutional violations, by refusing to do so and thus abused this court's good faith in granting Justice Lippman's prior request.

May 1, 2009: This court entered its long order solely granting Justice Lippman's request for abstention, but in favor of an already dismissed and not ongoing first department proceeding (in violation of Younger's first prong), and in favor of the first department's already refusal to determine the merits of the alleged constitutional violations (in violation of Younger's third prong).

The first department's order cannot be appealed to the New York Court of Appeals under CPLR Sect. 5611 (and then to the United States Supreme Court (Long order, at 20)), since it is not "a final one" for purposes of further appeal because it did not "dispose of all the issues in the action." The order refused to dispose of the action's constitutional issues previously pled in Glatzer's Aug. 27, 2008 and Nov. 21, 2008 motions (Long order, at 41-42) and again referenced in Glatzer's March 20, 2009 motion to stay. State Bank of Albany v. McAuliffe, 485 N.Y.S.2d 139, 141, 108 A.D.2d 979 (3rd Dept. 1985), appeal denied, 65 N.Y.2d 741, 492 N.Y.S.2d 30 (Ct.App. 1986).

The first department's order cannot be appealed to the New York Court of Appeals as of right under CPLR Sect. 5601(b)(1) Constitutional grounds, because the order did not "finally determine (the) action('s)" constitutional issues. Since the action's sole issues were the constitutional issues, the order cannot be appealed to the New York Court of Appeals by permission under CPLR Sect. 5602(a)(1)(i), because the order did not "finally determine the action('s)" sole issues.

The first department's non-appealable order has shown that "the state appellate proceedings ... offer (no) opportunity for judicial review of (Glatzer's) federal constitutional claims" (Long order, at 18), and that "no relevant state court appeal is available to (Glatzer) in this case" (Long order, at 13).

This court's conclusion (Long order, at 26-27) equated the remedy of its "grant(ing) the injunctive relief Glatzer seeks ... (with) the more prudent course ... to abstain from adjudicating this action." This court, however, can provide a remedy without abstaining, by adjudicating this action's alleged constitutional violations but declining to issue injunctive relief until the first department fails to correct its error by vacating its April 30, 2009 order pursuant to this court's decision.

The Clerk of Court is directed to enter the letter of plaintiff set forth above in the public file of this action.

SO ORDERED:
5-15-09
DATE   VICTOR MARRERO, U.S.D.J.

cc: Anthony J. Tomari
    Fax No. (212) 416-6075

Respectfully submitted,

Bernard H. Glatzer
Plaintiff, Pro Se
(718) 584-3998 (Tel. & Fax)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-09

-2-

other things, upon Younger abstention in favor of this court; and 3.Glatzer's proposed motion for a preliminary injunction under Fed.R.-Civ.Proc. 65 to effectively stay both appeals and the courts' below orders, as previously requested in the federal action Jan. 22, 2009 complaint's third prayer for relief (at 36)."

## ARGUMENT

I. WHILE REFUSING TO ALLOW THE FILING OF ANY MOTIONS, DISTRICT JUDGE MARRERO AT THE MARCH 20, 2009 PRE-MOTION CONFERENCE SOLELY GRANTED JUSTICE LIPPMAN'S (AND THE COURTS' BELOW) MOTION TO ABSTAIN IN FAVOR OF THIS COURT.

This court's grant of defendants-respondents' motions and cross-motions to dismiss appeal is mutually exclusive with Judge Marrero's sole grant at the pre-motion conference of Justice Lippman's (and the courts' below) motion to abstain in the federal action in favor of this court. If this court grants defendants-respondents' motions and cross-motions to dismiss appeal, there no longer will be a pending state court action in favor of which Judge Marrero can abstain for a determination on the merits under the Younger abstention doctrine's first prong - e.g., if there is no pending state court action, the federal district court cannot abstain.

If this court grants defendants-respondents' motions and cross-motions to dismiss appeal, there necessarily will be no remedy in this court for the courts' below violations of Glatzer's substantive and parental due process rights under the Fourteenth Amendment under the Younger abstention doctrine's third prong - e.g., if there is no remedy in the pending state court action, the federal district court cannot abstain.

Glatzer promptly will file a notice of appeal of Judge Marrero's March 30, 2009 order, and will ask the Second Circuit Court of Appeals for an expedited ruling on Judge Marrero's significant violations of

-3-

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on April 30, 2009.

Present: Hon. David B. Saxe,          Justice Presiding,
              David Friedman
              John W. Sweeny, Jr.
              Rolando T. Acosta,       Justices.

------------------------------------------X
Bernard H. Glatzer,
    Plaintiff-Appellant,

        -against-
                                        Index No. 21663/04
Bear, Stearns & Co., Inc., Weisser
Johnson & Co., L.P., Weisser Johnson      M-1176
& Co., and Frank Weisser,                 M-1202
    Defendants-Respondents.               M-1245
------------------------------------------X   M-1293
Bernard H. Glatzer,                       M-1393
    Plaintiff-Appellant,

        -against-
                                        Index No. 21401/05
Michael A. Cardozo - Corporation Counsel
of the City of New York, Schindler Cohen
& Hochman LLP, Jan C. Sturla - Director -
Orange County Department of Child Support
Services, The Chase Manhattan Bank, Marian
Balay and Marlene Thomason,
    Defendants-Respondents.
------------------------------------------X

        Appeals having been taken to this Court from orders of
the Supreme Court, Bronx County, entered on or about January 23,
2008 and March 21, 2008, respectively,

        And the respective defendants-respondents having moved and
cross-moved to dismiss plaintiff's appeals (M-1176/M-1202/M-1245/
M-1293),

        And plaintiff having moved for a stay of further
proceedings with respect to the appeals, pending proceedings
in the United States District Court for the Southern District of
New York 09 Civ.00650(VM) (M-1393),

(M-1176/M-1202/M-1245/     -2-     April 30, 2009
M-1293/M-1393)

      Now, upon reading and filing the papers with respect to the motions and cross motions, and due deliberation having been had thereon,

      It is ordered that the respective defendants' motions and cross motions are granted and plaintiff's appeals are dismissed. Plaintiff's motion to stay proceedings is denied.

ENTER:

Clerk.