USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 5-20-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD H. GLATZER,

Plaintiff,

- against -

HON. JOHN A. BARONE, HON. LARRY S. SCHACHNER, and HON. JONATHAN LIPPMAN,

Defendants.

09 Civ. 0650

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

## I. BACKGROUND

By Order dated March 30, 2009 (the "Order"), the Court formally affirmed the granting of the motion of defendants John A. Barone ("Barone"), Larry S. Schachner ("Schachner") and Jonathan Lippman (collectively, "Defendants") to dismiss the complaint of plaintiff Bernard Glatzer ("Glatzer"). The Order was issued in accordance with the ruling the Court made orally from the bench after hearing the parties' arguments at a conference on March 20, 2009. The Court then indicated that its decision was based on the grounds that had been raised in the parties' pleadings and correspondence with the Court, and that were addressed at the hearing: the doctrines of Rooker-Feldman, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and absention pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Order stated that the Court's findings, reasoning and conclusions would be set forth in a

subsequent decision and order. Accordingly, by Decision and Order dated April 30, 2009 (the "Decision and Order"), the Court more fully stated the considerations and authorities upon which the Order and its underlying March 20, 2009 ruling were grounded, although the Court clarified its holding in two respects: to base it solely on the Younger abstention doctrine, and to indicate that the decision to abstain and dismiss the complaint was rendered not only in response to Defendants' motion, but on the Court's own motion.

The Court determined that Younger abstention was warranted in view of the proceedings still pending at that time in the New York State Supreme Court, Appellate Division, First Department (the "Appellate Division"), in connection with Glatzer's appeals of certain orders issued by Barone and Schachner in the underlying state court litigation. By letter to the Court, Glatzer now moves for an order granting reconsideration pursuant to Local Civil Rule 6.3 ("Rule 6.3") or for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (See Letter to Hon. Victor Marrero from Bernard H. Glatzer dated May 13, 2009 (the "May 13 Letter.")) Upon consideration of Glatzer's motion and accompanying submission, the Court denies reconsideration.

## II. STANDARD OF REVIEW

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3, which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Rule 6.3 is intended to "'ensure the finality of

decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. National Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Similarly, with regard to Rule 60(b), the relief that procedure offers is not intended as a means of relitigating matters decided in a final order or raising issues that should be argued on appeal. See Batac Dev. Corp. v. B&R Consultants, Inc., No. 98 Civ. 721, 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000). (The Court notes that on April 17, 2009 Glatzer filed a notice of appeal from the judgment entered pursuant to the Order.)

## III. DISCUSSION

Glatzer's motion cites no controlling law or factual matters the Court overlooked in connection with the Order that

might reasonably be expected to alter the outcome of its decision. The Court issued the Order on March 30, 2009 affirming its ruling of March 20, 2009 dismissing Glatzer's complaint for the reasons stated at the hearing on that date. The Order specifically directed that the action be dismissed and that the case be closed. It thus constituted a final, appealable order. See Somoza v. New York City Dep't of Educ., 538 F.3d 106, 112-13 (2d Cir. 2008) (citing Nelson v. Unum Life Ins. Co. of Am., 468 F.3d 117, 119 (2d Cir. 2006)). At that time, Glatzer's appeals in the Appellate Division were still pending and the Court's abstention contemplated deference to those proceedings to afford the state courts adequate opportunity to consider Glatzer's constitutional issues. The Decision and Order, endorsed on April 30, 2009, though entered on the Court's docket on May 1, 2009, served to follow through on what the Court had stated in the Order it would do: articulate more amply the findings, legal reasoning and conclusions for what it had already decided as embodied in the Order.

Glatzer asserts that the Appellate Division, by order also dated April 30, 2009, (the "Appellate Division Order"), denied his motion to stay proceedings as well as his appeals and that consequently this Court's Decision and Order effectively abstained in favor of a state court proceeding

that had already been dismissed. He contends that the Appellate Division's order is not "a final one" for the purposes of further state court appeal, allegedly because it did not dispose of all the issues in the action. (May 13 Letter at 2.)

The Court is not obliged to accept Glatzer's conclusory legal argument in this regard. Glatzer acknowledges that the "sole issues" that were to be decided in the Appellate Division's proceedings were the constitutional questions he had presented before that court in motions he filed on August 27, 2008 and November 21, 2008, and again on March 20, 2009 in a motion to stay those proceedings pending this Court's ruling in the instant case. (Id.) Yet the Appellate Division Order specifically states that the Court granted the respective motions and cross-motions before it that were the subject of Glatzer's appeals, and dismissed those appeals, "upon reading and filing the papers with respect to the motions and cross-motions, and due deliberations having been had thereon." Glatzer v. Bear, Stearns & Co., Slip. Op., Index No. 21663104 (App. Div. 1st Dep't Apr. 30, 2009). That statement of its decision presumes that the Appellate Division ruled upon full consideration of all the issues presented to it -- by Glatzer's admission, solely the constitutional questions he had raised. A state appellate court's summary affirmance of an

action presenting federal claims is sufficient to establish final adjudication of such claims. See, e.g., Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001) (state court by summary order rendered a decision on a federal claim, even though the court did not explicitly refer to the federal claim or relevant federal case law); Capellan v. Riley, 975 F.2d 67, 72 (2d Cir. 1992) (noting that the Supreme Court "has pointedly instructed us that 'we have no power to tell state courts how they must write their opinions'" (quoting Coleman v. Thompson, 501 U.S. 722, 739 (1991)); Town of Coeymans v. Malphrus, 676 N.Y.S.2d 347, 348-49 (App. Div. 3d Dep't 1998) ("[A] final order is one that disposes of all causes of action between the parties in an action or proceeding and leaves nothing for further judicial action ....").

If any legitimate doubt exists with regard to the scope or finality of the Appellate Division Order, the proper course for Glatzer to follow is to resolve any such uncertainty in the first instance in the proper forum: the Appellate Division or the New York Court of Appeals in accordance applicable state procedures, not in this Court.

Because Glatzer has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, or that would alter the outcome of the Court's Order, Glatzer's motion

for reconsideration or for relief pursuant to Rule 60(b) is DENIED.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that motion of plaintiff Bernard Glatzer for reconsideration (Docket No. 18) of the Court's Order dated March 30, 2009 and the Decision and Order dated April 30, 2009 is DENIED.

**SO ORDERED:**

Dated: New York, New York
19 May 2009

VICTOR MARRERO
U.S.D.J.